ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| JOSÉ E. GUZMAN VIRELLA<br><br>Peticionarios<br><br>v.<br><br>TRIPLE S PROPIEDAD<br><br>Recurrido | **KLCE202301188** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm.: BY2022CV03942<br><br>Sobre: Denegatoria sin descubrimiento y número de representantes |
|---|---|---|

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 28 de noviembre de 2023.

Comparece ante este foro el Sr. José E. Guzmán Virella (el señor Guzmán o "el peticionario") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, notificada el 21 de agosto de 2023. Mediante esta, el foro primario denegó certificar el pleito como uno de clase.

Por los fundamentos antes expuestos, **DENEGAMOS** el auto de *certiorari* solicitado.

## I.

El 4 de agosto de 2022, el señor Guzmán, individualmente y en nombre de otros miembros, presentó una *Demanda de Clase* en contra de Triple S Propiedad (Triple S o "parte recurrida").[1] En síntesis, alegó que la parte recurrida ha evadido sus obligaciones contractuales, al no sufragar el costo total de las piezas de repuesto. A esos efectos, solicitó al foro primario que lo designara como representante de la clase propuesta

---

[1] *Demanda de Clase*, anejo I, págs. 1-92 del apéndice del recurso.

en la demanda, y declara ilícita la práctica de Triple S de aplicar una deducción por depreciación al costo de piezas de repuesto.

Luego de expedido el emplazamiento, así como de una serie de trámites procesales, el 10 de noviembre de 2023, Triple S presentó su *Contestación a la Demanda de Clase*.[2] Adujo que, realizan un proceso de estimación de costos de reparación, y que las deducciones que realizan en el ajuste de la reclamación son pactadas por las partes en el contrato de seguros, sin embargo, sostienen que no realizan deducciones por depreciación a las piezas. Por lo tanto, solicitaron fuera declarada sin lugar la *Demanda de Clase*.

Así las cosas, el 17 de abril de 2023, se celebró una vista de Conferencia Inicial.[3] Cónsono a lo que surge de la *Minuta*, el foro primario hizo constar que sólo hay un demandante. A su vez, le solicitó al señor Guzmán el listado de todas las personas que serían parte de la reclamación, puesto que, de no tener a más nadie no tendría un pleito de clase.

El 21 de agosto de 2023, el peticionario presentó *Moción sobre Demandantes en el Pleito de Clase*.[4] Arguyó que, una clase puede ser representada por una sola parte. A su vez, alegó que, una vez concluido el descubrimiento de prueba, el foro *a quo* estará en posición de determinar que se cumplen los elementos.

Tras considerar la postura de las partes, el 21 de agosto de 2023, el foro primario notificó la *Resolución* recurrida.[5] Mediante esta, denegó la certificación del pleito como uno de clase. Al respecto, razonó lo siguiente:

---

[2] *Contestación a la Demanda de Clase*, anejo X, págs. 102-117 del apéndice del recurso.
[3] *Minuta*, anejo XVIII, págs. 140-140 del apéndice del recurso.
[4] *Moción sobre Demandantes en el Pleito de Clase*, anejo XIX, págs. 142-163 del apéndice del recurso.
[5] *Resolución*, anejo XX, pág. 164 del apéndice del recurso.

Siendo el [peticionario], a un año de presentada la demanda, el único reclamante de las alegaciones esbozadas en su recurso presentado, y no pudiendo acreditar la existencia de otras personas en igual situación, luego de Orden al respecto, se determina que no se cumple en autos con los requisitos para la certificación del caso de marras como uno de clase, no cumpliéndose con los elementos de numerosidad, comunidad o tipicidad que dispone la [Regla 20 de Procedimiento Civil, 32 LPRA, Ap. V, R. 20]. Tratándose la existencia de una clase de personas que comparten las antes mencionadas características con la del demandante del caso una mera especulación en estos momentos, el estado de derecho actual favorece la denegación del petitorio de certificación hecha en autos por el [peticionario] a tenor con la Regla 20 de Procedimiento Civil, *García v. Asociación*, 165 DPR 280 (2005).

Insatisfecho, el 4 de septiembre de 2023, el señor Guzmán presentó una solicitud de reconsideración.[6] Sin embargo, el foro primario la declaró *sin lugar* mediante una *Resolución*, notificada el 27 de septiembre de 2023.[7]

Aun inconforme, el 27 de octubre de 2023, el peticionario presentó la *Petición de Certiorari* de epígrafe. Mediante esta, adujo que el foro primario cometió los siguientes errores:

Erró y abusó de su discreción el Tribunal de Primera Instancia al *motu proprio* denegar certificar el pleito como uno de clase basado en que el caso cuenta con un demandante a pesar de que la Regla 20.1 contempla la posibilidad de que una sola persona represente a una clase.

Erró y abusó de su discreción el Tribunal de Primera Instancia al *motu proprio* denegar certificar el pleito de clase como uno de clase antes de que culminara el descubrimiento de prueba previamente autorizado sobre los requisitos de la Regla 20.1, y sin celebrar vista para determinar si se cumplen los requisitos de la Regla 20.1.

Por su parte, el 13 de noviembre de 2023, Triple S presentó la *Oposición a Solicitud de Certiorari*. Mediante esta, adujo que no procede expedir el auto discrecional

---

[6] *Moción Solicitando Reconsideración*, anejo XI, págs. 165-205 del apéndice del recurso.
[7] *Resolución*, anejo XXV, pág. 225 del apéndice del recurso.

solicitado. A su vez, sostienen que el foro primario actuó dentro del marco discrecional, conforme a derecho y garantizando el debido proceso de ley.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del recurso de epígrafe.

## II.

En lo sustantivo, el *certiorari* es un recurso extraordinario discrecional expedido por un tribunal superior a otro inferior, mediante el cual el primero está facultado para enmendar errores cometidos por el segundo, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley". Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012). La expedición del auto descansa en la sana discreción del tribunal. *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Esto es, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo". *Íd.*

Asimismo, dicha regla dispone otras instancias en las que este foro intermedio, discrecionalmente, podrá revisar otros dictámenes del Tribunal de Instancia, esto es:

> No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría

un fracaso irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional. Estos son:

> a. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> b. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> c. Si ha mediado prejuicio, parcialidad o error craso y manifestó en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> d. Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> e. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> f. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
>
> g. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Contruction*, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación". *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

**III.**

En el presente caso, el señor Guzmán solicita que revisemos una *Resolución*, mediante la cual el foro primario

denegó certificar el pleito como uno de clase. En su recurso, el peticionario alega que el foro primario erró al denegar certificar el pleito como uno de clase, aun cuando una sola persona puede representar a la clase, y sin haber celebrado una vista, para determinar si se cumplen los requisitos de la Regla 20.1 de Procedimiento Civil.

Por su parte, Triple S arguye que la denegatoria por parte del foro recurrido, no está basada en la cantidad de demandantes representativos, sino en que el peticionario presentó una demanda de clase sin prueba alguna sobre la existencia de otras personas en igual condición que pudieran formar parte de la alegada clase. Por lo tanto, alegan que el señor Guzmán intentó presentar un pleito de clase solo por especulaciones, y consecuentemente, procedía que el foro primario denegara la petición de certificación de clase.

Evaluados los escritos de las partes, así como el expediente ante nuestra consideración, concluimos que no procede la expedición del auto de *certiorari*. Conforme la norma antes expuesta, la expedición de un recurso de *certiorari* al amparo de la Regla 52.1 de las Reglas de Procedimiento Civil, *supra*, no opera en el vacío; tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra*.

Por lo tanto, determinamos que no se configuran ninguna de las instancias que justificaría la expedición del *certiorari*. Razonamos, que los señalamientos de error y los fundamentos aducidos en el recurso, presentado por el señor Guzmán, no lograron activar nuestra función discrecional en el caso de autos. Además, consideramos que el peticionario no demostró que el dictamen recurrido

sea uno de los que por excepción la Regla 52.1 de Procedimiento Civil, *supra*, permite que atendamos en un recurso de *certiorari*, o que esperar a la apelación constituiría un fracaso a la justicia.

Consecuentemente, resolvemos abstenernos de ejercer nuestra jurisdicción revisora, por lo que, denegaos la expedición del *certiorari*.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari* solicitado.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones